UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAMMY RASDON &
JIM RAINES                                                            PLAINTIFFS

V.                                                                    NO. 3:19CV100-M-P

E 3 TRUCKING, INC. &
ROBERT AGHAJANI                                                       DEFENDANTS

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES

This cause comes before the Court on the Defendants' Federal Rules of Civil Procedure 12(c) motion for judgment on the pleadings as to Plaintiffs' claim for punitive damages.

### I. Background

Plaintiff Jim Raines was operating a vehicle with Plaintiff Tammy Rasdon as a passenger. The Plaintiffs were travelling eastbound on U.S. Highway 72 in Walnut, Mississippi at a speed of approximately 20 miles per hour. Also travelling eastbound on U.S. Highway 72 was Defendant Robert Aghajani, who was allegedly operating a tractor trailer as an independent contractor for E 3 Trucking, Inc. Plaintiffs allege Robert Aghajani was travelling at approximately 65 miles per hour when he collided with the rear end of their vehicle. Plaintiffs have requested, among other damages in their complaint, punitive damages against Defendants Robert Aghajani and E 3 Trucking, Inc.

### II. Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

In a motion for a judgment on the pleadings "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes c. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Such a motion "is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). Moreover, in ruling on a motion for judgment on the pleadings, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Hughes*, 278 F.3d at 420 (citing *St. Paul Ins. Co. v. AFLA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)). In considering Rule 12(c) motions the court relies on the same standard as that of a Rule 12(b)(6) motion. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. It is not necessary that a complaint contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting Twombly, 550 U.S. at 555). The Court must liberally construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

### III. Discussion

Defendants argue that this Court should grant their motion for judgment on the pleadings with respect to Plaintiffs' punitive damages claim.

**A. Punitive Damages Claim**

Under Mississippi law, punitive damages may be awarded if the claimant can "prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11–1–65(1)(a). In *Aldridge v. Johnson*, the Mississippi Supreme Court found that punitive damages instructions given at the trial level were incorrect in an automobile accident. The defendant failed to reduce his speed from 70 miles per hour to 45 miles per hour and crossed double yellow lines to pass two cars that resulted in him losing control of his vehicle and colliding with a mobile home. 318 So.2d 870 at 871-873 (Miss.1975).

Plaintiffs cite Paragraphs 12 and 13 of their complaint and argue that both paragraphs allege sufficient facts to support their claim of punitive damages. Paragraphs 12 and 13 state the following:

> 12. Defendant Robert Aghajani failed to keep a proper lookout for the vehicle operated by Plaintiff Jim Raines, failed to operate the tractor-trailer with reasonable care, and negligently collided with the vehicle operated by Jim Raines.
>
> 13. Defendant Robert Aghajani's negligence was so flagrant and outrageous that it rises to the level of gross negligence and recklessness.

Plaintiffs cite three cases in their response in [Doc. 22] to support their argument that the punitive damages claim has been well plead: *Sanford v. Jacobs Technology, Inc.*,

2014 WL 7333481 (S.D. Miss. 2014); *Moore v. True Temper Sports, Inc.*, 2011 WL 4498882 at 2(N.D. Miss. 2011); and *Cross v. Forest Laboratories*, 2014 WL 11430933 at (N.D. Miss. 2014).

The *Sanford* court did not dismiss the punitive damages claim, in a wrongful discharge suit, because the Plaintiff sufficiently alleged in his pleading that he was retaliated against for reporting a federal crime. 2014 WL 7333481, at *2.

The *Moore* court concerned a race discrimination claim where four African American male employees were twice retaliated against for choosing not to wear a shirt with Defendant's name, while white employees were not discriminated against for not wearing the shirt. 2011 WL 4498882, at *1. The court found that "plaintiffs' complaint stat[ed] a claim for relief that [was] plausible on its face", thus defendant's motion to dismiss the claim was not granted. *Id*. at *3

This Court found in *Cross* that a punitive damages claim should not be dismissed because "[P]laintiffs' amended complaint as a whole does set forth allegations under Mississippi's punitive damages law to comply with the pleading requirements." 2014 WL 11430933, at *3 (N.D. Miss. May 12, 2014).

The *Sanford* and *Moore* holdings each hinged on the defendants' alleged intentional acts of retaliation. The *Cross* holding was bottomed on the plaintiffs' allegations of misrepresentation, again an intentional tort. In this case, no pleaded facts allege intent. Hence, the cases cited by the Plaintiffs are not apropos.

A fair reading of *Aldridge* compels this Court to find the complaint in this case insufficient to support a claim for punitive damages. If the Mississippi Supreme Court is unwilling to allow a jury to be instructed on punitive damages where the driver caused a

wreck by exceeding the speed limit and crossing a double yellow line to travel in the opposite lane in an attempt to pass two vehicles, then the alleged punitive damages claim here, is insufficient. The limited facts alleged do not allow the Court to reasonably infer that the Defendants acted with actual malice, gross negligence, willfulness, wantonness, or reckless disregard for the safety of others. Thus, the Defendant's actions do not exceed *Aldridge*.

In conclusion, regarding punitive damages, this Court finds that Paragraphs 12 and 13 and the complaint state mere conclusions, rather than facts and are insufficient to support an award of punitive damages.

To the extent that any of the Plaintiffs' punitive damages claims against Defendant E 3 Trucking, Inc. arise under vicarious liability, such damages are not available under Mississippi law—"punitive damages are not available in Mississippi on the basis of vicarious liability." *Bell v. Coleman*, No. 4:17–CV–47–SA–JMV, 2018 WL 3118614, at *4 (N.D. Miss. June 25, 2018) (citing *Littlejohn v. Werner Enterprises, Inc.*, No. 1:14–CV–44–SA–DAS, 2015 WL 3484651 (N.D. Miss. June 2, 2015)).

### IV. Conclusion

Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' Claim for Punitive Damages, [Doc. #14], is **GRANTED**.

This the 12th day of September, 2019.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**